# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRISTOPHER TRAN,

    Plaintiff,

    v.

JULIUS BUCCICARDI et al.,

    Defendants.

2:11-cv-910-RCJ-LRL

**ORDER**

Currently before the Court are a Motion to Remand (#6); a Motion for Leave to File a Sur Reply (#16); a Motion to Set Aside Default (#23); a Motion to Dismiss (#25); and a Motion to Strike (#32). The Court heard oral argument on October 21, 2011.

## BACKGROUND

On June 3, 2011, Defendant U.S. Bank filed a petition for removal based on federal question jurisdiction and attached Plaintiff Christopher Tran's Third Amended Complaint ("TAC"), the operative complaint. (Pet. for Removal (#1) at 2; TAC (#1-6) at 2-18). In the TAC, Plaintiff sued Julius Buccicardi; Bank of America, NA; U.S. Bank, NA; Lawyers Title of Nevada; and Kevin Cleland. (TAC (#1-6) at 2).

Plaintiff alleged the following facts in his complaint. (*Id.*). Plaintiff owned real property located at 3009 Milo Way, Las Vegas, Nevada 89102 (the "Home Property") and was the recorded owner of additional property located at 3485 Nakona Way, Las Vegas, Nevada 89109 (the "Second Property"). (*Id.*). Defendant Julius Buccicardi ("Julius") was the loan officer for both property transactions. (*Id.*). In January 2005, Plaintiff met Julius at Julius's stereo installation shop. (*Id.* at 3). After getting to know Julius from the shop, Plaintiff

considered Julius his friend. (*Id.*). In March 2005, Plaintiff's best friend, Ted Mar, died of a heart attack. (*Id.*). In July or August 2005, Mar's daughter contacted Plaintiff and asked whether he could help out her family by purchasing the home that they could not afford to keep. (*Id.* at 3-4). In October 2005, Plaintiff spoke to Julius about the situation. (*Id.* at 4). Julius told Plaintiff that he was a licensed loan officer and, because Plaintiff was a friend, he would help Plaintiff buy the house. (*Id.*). Julius told Plaintiff that he could set Plaintiff up so that Plaintiff could rent out the Second Property to pay that property's mortgage payments. (*Id.*). Julius also told Plaintiff that he would not arrange a deal that Plaintiff could not afford. (*Id.*). Plaintiff did not want a loan interest rate higher than 7.5%. (*Id.*). Julius told Plaintiff that he could refinance Plaintiff's Home Property for 7.5% and then Plaintiff could use the cash to put a large down payment on the Second Property. (*Id.* at 5). Plaintiff was approved for the refinance and for a loan on the Second Property. (*Id.* at 5-6). When Plaintiff went to close on the Second Property, he could not read the documents because he could not read English but signed them anyway. (*Id.* at 3, 6). Unbeknownst to Plaintiff, his loan applications included falsified information, including overstating Plaintiff's income, that the Second Property would be owner occupied, and that no part of the down payment for the Second Property had been borrowed. (*Id.* at 6). Plaintiff later learned that the loans he acquired exceeded the 7.5% interest rate that he wanted and contained variable rates and balloon payments. (*Id.*).

        The complaint alleged eleven causes of action, including: (1) fraud in the inducement against all defendants except Lawyer's Title; (2) fraudulent concealment against all defendants except Lawyer's Title; (3) breach of fiduciary duty against Julius and Cleland; (4) aiding and abetting fraud in the inducement, fraudulent concealment, and breach of fiduciary duty against Julius and Cleland; (5) deceptive trade practices, in violation of NRS Chapter 598, against all defendants except Lawyer's Title; (6) professional negligence against Cleland, Julius, and U.S. Bank; (7) negligent supervision against Cleland, Julius, and U.S. Bank; (8) negligent misrepresentation against Cleland, Julius, and U.S. Bank; (9) negligent misrepresentation by non-disclosure against all defendants except Lawyer's Title; (10) professional negligence against Lawyer's Title; and (11) declaratory relief against all defendants except Lawyer's Title.

(*Id.* at 7-17).

In the fifth cause of action, Plaintiff alleged that Defendants had violated numerous sections of NRS Chapter 598 by making knowingly false representations in a transaction, knowingly misrepresenting the legal obligations to Plaintiff, failing to disclose material facts in connection with their services, knowingly passing off services as those of another person, and "by violating 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), and/or 18 U.S.C. § 1344 (bank fraud)." (*Id.* at 11-12).

**DISCUSSION**

Plaintiff files a motion to remand on grounds that U.S. Bank's petition for removal was untimely. (Mot. to Remand (#6) at 2). In response, U.S. Bank argues that its petition for removal was timely because Plaintiff improperly served it the second amended complaint and third amended complaint. (Opp'n to Mot. to Remand (#11) at 1, 4). U.S. Bank notes that it was not a defendant in the original complaint. (*Id.* at 4). U.S. Bank also argues that this Court has federal question jurisdiction because the complaint alleged federal claims under the fifth cause of action for 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud), and 1344 (bank fraud). (*Id.* at 5).

Pursuant to the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Federal question jurisdiction extends only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law. *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (internal quotations omitted). In order for a complaint to state a claim arising under federal law, it must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question. *Id.* (internal quotations and alterations omitted).

"Ordinarily, the existence of federal question jurisdiction is determined from the face of

1  the complaint." *Id.* "However, in addition to examining the literal language selected by the
2  plaintiff, the district court must analyze whether jurisdiction would exist under a properly
3  pleaded complaint." *Id.* The "mere reference of a federal statute in a pleading will not convert
4  a state law claim into a federal cause of action if the federal statute is not a necessary element
5  of the state law claim and no preemption exists." *Id.*

6        For the reasons discussed on the record during oral argument, the Court grants U.S.
7  Bank's Motion to Set Aside Default (#23) and grants U.S. Bank's Motion to Dismiss (#25) in
8  its entirety without leave to amend. Additionally, the Court grants Plaintiff's Motion to Remand
9  (#6) because the complaint clearly raises all state law claims. With respect to the fifth cause
10 of action, the complaint makes clear that Plaintiff was alleging deceptive trade practices under
11 NRS Chapter 598 and that Plaintiff made a mere reference to 18 U.S.C. §§ 1341 (mail fraud),
12 1343 (wire fraud), and 1344 (bank fraud). Moreover, a violation of deceptive trade practices
13 does not require violations of 18 U.S.C. §§ 1341, 1343, or 1344 to sustain a cause of action.
14 *See* Nev. Rev. Stat. §§ 598.0915-598.0925. The Court also denies the Motion for Leave to
15 File a Sur Reply (#16) and the Motion to Strike (#32) as moot.

16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Motion to Remand to State Court (#6) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Leave to File a Sur Reply (#16) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Set Aside Default (#23) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss (#25) is GRANTED in its entirety without leave to amend.  As such, Defendant U.S. Bank is dismissed from the case.

IT IS FURTHER ORDERED that the Motion to Strike (#32) is DENIED as moot.

IT IS FURTHER ORDERED that this matter will be referred to the United States Attorneys' Office for mortgage fraud.

DATED: This 4th day of November, 2011.

_____
United States District Judge